## MERRILS v. ADAMS.

The statute granting appeals from courts of probate, limits to eighteen months, without any saving for *feme coverts.*

ABEL MERRILS made his last will and testament, devising and bequeathing all his estate, real and personal, to Mary his wife, except a small *residuum* to his brothers and sisters; and appointed his wife sole executrix.— He died, and probate of his will was made the 3d day of April, 1776.— On the 20th day of September, 1786, motion was made to the Court of Probate for an appeal, and the following reasons shown, viz. " Seth Merrils, of New Hartford, now appears in court, and shows — that he is son and heir of Susanna Merrils, late of

said New Hartford, deceased; which said Susanna was sister, and heir of Abel Merrils, formerly of said New Hartford, now deceased. And the said Susanna, at the time of the death of said Abel, was a *feme covert*, and so continued until the time of her death, which happened on the 25th day of February, 1786: And thereupon moves this court for liberty to appeal from the decree of this court, approving the last will and testament of said Abel; and now here offers in court good and sufficient bail."

The Court of Probate granted an appeal to the Superior Court, and the appellee pleaded in abatement thereof, the following plea, viz. And now William Adams, the appellee, and only heir-at-law of Mary Merrils, *alias* Mary Kellogg, late deceased, the late wife of the said Abel Merrils, deceased, named 'in said last will comes before this court, and pleads and says — that said appeal, now taken from the probate of said will, ought to abate, and be dismissed, and he not holden to answer thereto.

For that he says, said Susanna was of full age at the time of the death of said testator, and probate of said will, and more than ten years hath since elapsed; and that she had full notice of the probate thereof: And therefore the said Seth hath nò right by law to an appeal from the sentence and decree of said Court of Probate, in approving said will, said coverture notwithstanding. The said Susanna, and all other the brothers and sisters of the said testator, being inhabitants of this state at the time of said sentence, and have acquiesced therein for more than ten years last past.

The plea in abatement ruled sufficient.

By the whole COURT. The statute granting appeals from the courts of probate, limits them to eighteen months,

with a saving for minors, till they arrive at full age, and for persons in foreign parts, until they return; but has no special saving for *feme coverts;* nor do they come fully within the reasons of the other savings. Coverture may be of sixty or eighty years continuance, and it would be very inconvenient that estates should remain so long unsettled. And besides, a *feme covert* always hath a person to act for her, who is supposed to be friendly to her interests, and capable to manage them, and hath an interest of his own coupled therewith. Liberty of appeal, like that of bringing error, is but an indulgence, further to controvert a matter once adjudged; and as it cannot be extended to *feme coverts,* through the whole term of their coverture, without manifest inconvenience, and the statute has no express provision therefor, we are not to suppose it to have been within the intent of the legislature that it should thus extend: Therefore, the appeal in this case does not lie.

This judgment was afterward affirmed in the Supreme Court of Errors.